AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of West Virginia

**FILED**

OCT 11 2019

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Records associated with the cell phone with phone<br>number 304-747-8374 | )<br>)<br>)<br>)<br>)<br>) |

Case No.  2:19-mj-00107

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ Northern _____ District of _____ Texas _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 841(a)(1) | Possession with intent to distribute carfentanil, a Schedule II controlled substance. |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Stefan J.O. Hasselblad
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____10/11/2019_____

_____
*Judge's signature*

City and state: _____Charleston, West Virginia_____

Dwane L. Tinsley, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

IN THE MATTER OF THE SEARCH OF:
**Records associated with the cell phone with**
**phone number 304-747-8374**

Case No. 2:19-mj-00107

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION UNDER RULE 41 FOR A
## WARRANT TO SEARCH AND SEIZE

I, Detective Adam Aldridge, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND OFFICER BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal

Rules of Criminal Procedure for a warrant to search records associated with the cell phone with

number 304-747-8374, further described in Attachment A, for the things described in

Attachment B.

2.      I am currently assigned to the Metropolitan Drug Enforcement Network Team

("MDENT") of the Charleston, West Virginia Police Department.  I have been employed with

the Charleston Police Department for approximately 5 years.  As a Detective with MDENT, I am

responsible for enforcing the Controlled Substances Act Title 21, United States Code.

3.      I have received extensive narcotics training in such courses as:

   a.  Reid Interview and Interrogation Techniques Course Basic + Advanced; and

   b.  Desert Snow Criminal, Narcotics & Terrorism Interdiction Workshop.

4.     I have gained additional experience and knowledge in narcotics investigations while working with experienced narcotics detectives.  I have experience with purchasing narcotics through use of confidential informants and have been involved in numerous controlled buys with experienced narcotics detectives.

5.     By virtue of my employment I have performed various tasks which include, but are not limited to:

    a.  Functioning as an undercover agent primarily for the purpose of obtaining information concerning drug traffickers and the inner working of drug organizations;

    b.  Functioning as a surveillance agent observing and recording movements of persons trafficking in drugs and those suspected of trafficking in drugs;

    c.  Functioning as a case agent, which entails the supervision of specific investigations;

    d.  Tracing monies and assets obtained by drug traffickers from the illegal sale of drugs;

    e.  Interviewing witnesses and informants concerning the illegal trafficking of drugs and the distribution of monies and assets derived from the illegal trafficking of drugs.

6.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

7.      As a result of my personal participation in the investigation of matters referred to in this affidavit and based upon reports made to me by other law enforcement officials, I am familiar with the facts and circumstances of this investigation.

8.      On April 16, 2017, while assigned to the Charleston Police Patrol Division, I responded to 134 McKee Ave Charleston, WV 25311 (hereinafter "134 McKee") in regards to a domestic disturbance.  While on scene I spoke with the victim, who stated that Deangelo Reeves or "O" sells large quantities of heroin.  The victim advised that Reeves and his cousin known as "Cuz," travel to Ohio or Detroit, Michigan on a weekly basis to "Re-up" (acquire more heroin). The victim also stated that Reeves stayed at 134 McKee, and stored his narcotics at that location. The victim stated that Reeves and his cousin acquire rental cars from Ohio, and use those vehicle to transport the narcotics.

9.      Over the next several months while conducting surveillance, I observed many different rental cars parked in front of 134 McKee.

10.      On November 27, 2017, I was contacted by a confidential informant (hereinafter referred to as "CI"), who stated that Deangelo Reeves was selling large quantities of narcotics. The CI stated that he/she purchases heroin from Reeves on a daily basis. The CI stated that Reeves resided on McKee Ave, and he/she had been to this residence frequently to purchase heroin. The CI corroborated much of the information that I was told on April, 16 2017.  The CI stated that Reeves utilized rental cars to transport the narcotics from Ohio or Detroit, Michigan to Charleston.  The CI stated that Reeves uses the phone number 304-747-8374.

3

11.     On November 27, 2017, Det. Hodge, Det. Rankin, and I were conducting surveillance on the address 134 McKee. I observed a maroon GM Acadia bearing Florida registration 389 JPQ, which is registered to a rental company, parked in front of the residence.

12.     On November 28, 2017, I met with the CI. The CI contacted Reeves at 304-747-8374. The CI and Reeves spoke briefly and nothing of importance was discussed. However, the CI referred to the male on the phone as "O" to which he responded.

13.     On November 2, 2017, Det. Petty and I were conducting surveillance of 134 McKee. As we were drove North on Wertz Avenue, a nearby road, I observed the same maroon GMC Acadia sitting in front of 134 McKee. Det. Petty and I parked at the exit of McKee Avenue near the intersection with Wertz Avenue. I observed the same maroon GMC bearing FL registration 389 JPQ exit McKee Avenue and proceed south on Wertz Avenue. Detective Petty and I conducted a traffic stop on the vehicle for failure to maintain the lane that the vehicle was traveling in. Det. Petty made contact with the driver who was identified as Deangelo Reeves. Det. Petty continued with the traffic stop, and Reeves immediately stated "you can search my car." Reeves then stated another time "go ahead and search the car." At this time Det. Petty allowed Reeves to exit the vehicle. I advised the female passenger to step out of the vehicle. Det. Petty searched the vehicle and located some marijuana particles scattered throughout the floorboard. Nothing further was located. While Det. Petty was searching the vehicle, Reeves stated that he was transporting trash to a nearby dumpster. He stated that he removed the trash from his residence because they "missed trash day." Based on my training and experience I am aware that individuals who distribute narcotics commonly utilize dumpsters away from their residence to ensure that evidence of activity involving illegal narcotics are separated from their

4

residence.  When Det. Petty opened the rear hatch of the vehicle, I observed two white trash bags with blue ties sitting inside the vehicle.  Prior to giving Reeves a verbal warning, Det. Petty asked Reeves if he wanted us to throw away the trash.  Reeves said something to the effect of "sure you can throw it away."  Det. Petty asked again if he wanted us to throw it away, and Reeves replied "yes."  At this time Det. Petty removed the two white trash bags from Reeves's vehicle and placed them into his cruiser.

14.     Det. Petty and I then transported the trash bags to Charleston Police Patrol Roll Call and searched the trash bags.  During the search of the trash bags I located the following items:

    a.   Multiple plastic baggies with corners missing (consistent with the distribution of narcotics; individuals place narcotics in the corners of the baggies, and rip the corner off);

    b.   Three empty blunt wrapper packages (commonly used to smoke marijuana);

    c.   A corner that had been ripped from a baggie, with an unknown white powdery residue;

    d.   Loose tobacco that appeared to have been removed from the blunt wrappers;

    e.   An empty box of clear plastic baggies;

    f.   One blunt "roach," with suspected marijuana inside that field-tested positive for marijuana;

    g.   Two pieces of mail addressed to Amos Poindexter at the address of 134 McKee Ave Charleston, WV 25311 (with the use of law enforcement databases, I determined that Amos Poindexter is from Ohio);

h.   One piece of mail addressed to Deangelo Reeves to an Ohio address.

15.    Based on the above information I believed that Deangelo Reeves was using 134 McKee to distribute and/or store narcotics.  Accordingly, I obtained a search warrant for 134 McKee from a Kanawha County Magistrate.  On November 30, 2017, after determining that phone number 304-747-8374 was associated with an AT&T account, I obtained an Order from a Kanawha County Magistrate that allowed me to obtain from AT&T live location "pings" of the cell phone belonging to Deangelo Reeves with phone number 304-747-8374.

16.    I and other officers monitored the location pings from 304-747-8374 over the next week.  These pings provided longitude and latitude coordinates for the cell phone used by Reeves.

17.    Starting at approximately 7:30pm on December 6, 2017, the pings showed that Reeves traveled to Akron, Ohio, stayed in Akron for a short period, and then returned to West Virginia, arriving in Charleston at approximately 4:15am on December 7, 2017.  Based on my training and experience, this type of quick turn-around traveling and time of travel is consistent with drug trafficking.  Individuals who distribute narcotics, will travel out of state and quickly return with narcotics.  Also based on my training and experience, the city of Akron, Ohio is a narcotics source city for West Virginia.

18.    On December 7, 2017, officers from the MDENT executed the search warrant at 134 McKee and found more than 10 grams of a substance that the West Virginia State Police Lab later determined was Carfentanil, a schedule II controlled substance.  Reeves was arrested that same day at a nearby house.

19.     On September 4, 2019, a grand jury charged Reeves in a superseding indictment with possession with intent to distribute 10 grams or more of carfentanil in violation of 21 U.S.C. § 841(a)(1).  Reeves's trial is set for October 21, 2019.

20.     The records of the live "ping" location data for Reeves's phone number — 304-747-8374 — is not currently accessible by MDENT or the Charleston Police for the period that Reeves traveled to Akron and returned to Charleston.

21.     AT&T obtains and stores historical data on cell phone location, including through its Network Element Locator Service, also known by its acronym, NELOS.  NELOS contains historical GPS data concerning the physical location of devices.  With NELOS, AT&T provides the date, time, latitude, longitude, and location accuracy of the network event, along with other subscriber information.

22.     Based on my training and experience, historical location data for phone number 304-747-8374 will provide evidence that Deangelo Reeves violated 21 U.S.C. § 841(a)(1).  Specifically, historical cell phone location data for phone number 304-747-8374 will confirm that live pings showed that Reeves traveled to and returned from Akron — a drug source city — on the night of December 6-7, 2017.  This corroborates the anticipated testimony of the CI that Reeves's plan and practice was to purchase drugs for resale in Ohio or Detroit, Michigan.  In addition, historical cell phone location records for the period of December 1, 2017 – December 7, 2017 will confirm that Reeves stayed at 134 McKee, further linking him to that residence.

23.     In addition, subscriber information for phone number 304-747-8374 will tend to link the phone to Reeves and 134 McKee Street in Charleston, further linking Reeves to the drugs found in the residence.

## CONCLUSION

24.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) and (c)(1)(A).  Specifically, the Court is "a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 1073.

25.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

26.     I submit that this affidavit supports probable cause for a warrant to search the records described in Attachment A and seize the items described in Attachment B.


Respectfully submitted,


DETECTIVE ADAM ALDRIDGE
Metro Drug Unit
Charleston Police Department


Subscribed and sworn to before me
on October 11, 2019:


DWANE L. TINSLEY
United States Magistrate Judge

8

## ATTACHMENT A

This warrant applies to information associated with the cell phone with phone number 304-747-8374, formerly possessed by Deangelo Reeves.  This information is stored at premises owned, maintained, controlled, or operated by AT&T, a company headquartered in Dallas Texas.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by AT&T**

To the extent that the information described in Attachment A is within the possession, custody, or control of AT&T, AT&T is required to disclose the following information to the government for phone number 304-747-8374 listed in Attachment A:

(a)      All contact and personal identifying information associated with the account, including full name, user identification number, birth date, gender, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, and other personal identifiers;

(b) For the period of December 1, 2017 to December 8, 2017, all historical location data, including NELOS data.

**II.      Information to be seized by the government**

All information described above in Section I that constitutes evidence of violations of 21 U.S.C. § 841(a) involving Deangelo Reeves, including, information pertaining to the following matters:

(a)      The identity of the person using phone number 304-747-8374.

(b)      The location of the cell phone associated with phone number 304-747-8374 from December 1, 2017 to December 8, 2017.